

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**October 9, 2019 11:35**

By: MARK P. HERRON 0051998

Confirmation Nbr. 1838081

CHRISTOPHER KEMOCK

    vs.

OLMSTED FALLS CITY SCHOOL DISTRICT BOARD
OF, ET AL

CV 19 922983

**Judge:**  BRIAN J. CORRIGAN

**Pages Filed:**  13

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTOPHER KEMOCK | ) | CASE NO. |
| 7009 Grace Drive | ) | |
| Olmsted Township, Ohio  44138 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OLMSTED FALLS CITY SCHOOL | ) | |
| DISTRICT BOARD OF | ) | |
| EDUCATION | ) | |
| 26937 Bagley Road | ) | |
| Olmsted Falls, Ohio  44138 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES LLOYD, Superintendent | ) | |
| Olmsted Falls City School District | ) | |
| 26937 Bagley Road | ) | |
| Olmsted Falls, Ohio  44138 | ) | |
| | ) | |
| Defendants | ) | |

---

## COMPLAINT AND JURY DEMAND

---

Now comes the plaintiff, by and through counsel, and for his Complaint against the

defendants, avers and states as follows:

## JURISDICTION

1.      This Honorable Court has subject matter jurisdiction over the claims in the within

action pursuant to 42 U.S.C. §2000e-5(f)(3) and 42 U.S.C. §1983.

2.     This Honorable Court has personal jurisdiction over the defendants in the within matter pursuant to R.C. 2307.382.

## **VENUE**

3.     This Honorable Court has venue over the claims in the within matter pursuant to Rules 3(B)(1), (3) and (6) of the Ohio Rules of Civil Procedure in that some or all of the individual defendants reside in and within Cuyahoga County, Ohio, some or all defendants conducted activity which gave rise to plaintiff's claims for relief in and within Cuyahoga County, Ohio, and some or all of plaintiff's claims for relief arose in and within Cuyahoga County, Ohio.

## **PARTIES**

4.     During all times relevant hereto, plaintiff Christopher Kemock was and is a resident of the Olmsted Township, County of Cuyahoga, State of Ohio, who was employed by defendant Olmsted Falls City School District Board of Education.  Additionally, and during all times relevant hereto, plaintiff's minor son, identified herein for privacy purposes as "C.K.," was a student enrolled in the Olmsted Falls City School District.

5.     During all times relevant hereto, defendant Olmsted Falls City School District Board of Education (hereinafter referred to as "Olmsted Falls") was and is was and is a body corporate and politic which, pursuant to R.C. 3313.17, has the capacity to sue and to be sued.

6.     During all times relevant hereto, defendant Olmsted Falls City School District Board of Education was and is a recipient of federal funding.

7.     During all times relevant hereto, defendant Olmsted Falls City School District Board of Education was and is a public entity that acted under color of state law.

8.     During all times relevant hereto, defendant Olmsted Falls City School District Board of Education had final decision-making authority with respect to the hiring and termination

of employees of defendant Olmsted Falls and further has final decision-making authority with respect to establishing employment policy and making contract renewal and nonrenewal decisions.

9.      During all times relevant hereto, defendant James Lloyd was and is employed by Olmsted Falls as Superintendent and is sued herein in both his individual and official capacities.

10.     During all times relevant hereto, defendant James Lloyd acted under color of state law.

## STATEMENT OF FACTS

11.     During all times relevant hereto, plaintiff Christopher Kemock was employed by defendant Olmsted Falls as "Home/School Behavioral Specialist" pursuant to a continuing contract of employment.

12.     In addition, plaintiff Christopher Kemock held additional supplemental employments contracts to serve as a coach and/or assistant coach to several athletic programs within the Olmsted Falls City School District.

13.     During the course of his employment with defendant Olmsted Falls, plaintiff Christopher Kemock underwent annual performance appraisals in which he was consistently rated as "commendable" or "competent" in all of the categories in which his job performance was rated by defendant Olmsted Falls.

14.     In addition to being an employee of defendant Olmsted Falls, plaintiff Christopher Kemock and his family further reside within the territorial boundaries of the Olmsted Falls City School District and their children are enrolled in the Olmsted Falls City School District.

15.     Plaintiff Christopher Kemock's wife, Thimi Kemock, has been employed by defendant Olmsted Falls as a teacher for over 20 years.

16.     Plaintiff Christopher Kemock and Thimi Kemock's children are all students enrolled in the Olmsted Falls City School District.

17.     Plaintiff Christopher Kemock and Thimi Kemock's minor son C.K. was previously diagnosed with Common Variable Immune Deficiency ("CVID"), severe obsessive-compulsive disorder and major depression.  "CVID" is a rare, incurable and potentially life-threatening disease where C.K.'s immune system cannot properly fight off infection and will require lifelong immunoglobulin replacement every 3-4 weeks.

18.     C.K. further suffers from severe abdominal pains, along with an average of 8-10 loose stools per day, as a result of CVID.

19.     C.K.'s various medical conditions constitute disabilities under the Rehabilitation Act of 1974, the Individuals with Disabilities in Education Act ("IDEA") and the Americans with Disabilities Act.

20.     As a result of his serious health conditions, C.K. has also developed severe emotional and psychological issues which make dealing with his medical issues significantly harder.

21.     C.K.'s various emotional and psychological issues also constitute disabilities under the Rehabilitation Act of 1974, the Individuals with Disabilities in Education Act ("IDEA") and the Americans with Disabilities Act.

22.     Due to has various medical conditions and disabilities, C.K. for many years has been subject to plans implemented to accommodate his disabilities commonly referred to as "504 plans," in reference to Section 504 of the Rehabilitation Act of 1974.

23.     On or about March 2, 2015, plaintiff Chris Kemock and Thimi Kemock contacted officials within the Olmsted Falls City School District regarding establishing an Individual Education Plan, commonly referred to as an "IEP," for C.K.

24.     The action of plaintiff Chris Kemock and Thimi Kemock in requesting an IEP for C.K. constituted protected activity pursuant to Rehabilitation Act of 1974, the Individuals with Disabilities in Education Act ("IDEA") and the Americans with Disabilities Act.

25.     As a result of the C.K.'s collective medical and psychological problems, C.K. missed significant time in school during the 2016-2017 academic year.

26.     Plaintiff Christopher Kemock and Thimi Kemock have continually provided Olmsted Falls with medical documentation outlining C.K.'s various medical and psychological issues and support for his absences from school and need for special education services, including specifically during the 2016-2017 academic year.

27.     Plaintiff Christopher Kemock and Thimi Kemock engaged in additional protected activity in attempting to put in place an IEP program that would accommodate C.K.'s disabilities and allow him to obtain a Free Appropriate Public Education (commonly referred to as "FAPE").

28.     On multiple occasions while plaintiff Christopher Kemock and Thimi Kemock were attempting to establish an IEP for C.K., defendant Olmsted Falls engaged in retaliatory conduct against plaintiff Christopher Kemock, Thimi Kemock and C.K.

29.     In March of 2017, defendant Olmsted Falls retaliated against plaintiff Christopher Kemock and Thimi Kemock by refusing to provide ETR ("Evaluation Team Response") testing to C.K. to determine his eligibility for special education services.

30.     Notwithstanding having been provided with significant medical documentation pertaining to C.K.'s absences from school and having actual knowledge of C.K.'s medical

conditions, defendant Olmsted Falls further retaliated against plaintiff Christopher Kemock and Thimi Kemock by knowingly and falsely filing truancy allegations against C.K. with the Cuyahoga County Juvenile Court which resulted in the formal filing of truancy charges against C.K.

31.     After the false truancy charges were withdrawn by defendant Olmsted Falls, plaintiff Christopher Kemock and Thimi Kemock engaged in additional protected activity by accusing defendant Olmsted Falls of making false statements in connection with the filing and dismissal of the truancy charges filed against C.K.

32.     While attempting to establish an IEP for C.K., Plaintiff Christopher Kemock and Thimi Kemock further engaged in additional protected activity when they made a complaint to officials of the Olmsted Falls City School District that district personnel were not complying with the terms of the 504 plan that was then in place for C.K. and that C.K. was further the victim of bullying by fellow students.

33.     Defendant Olmsted Falls further retaliated against plaintiff Christopher Kemock and Thimi Kemock by accusing C.K. of being untruthful in its investigation into the complaint referenced in the preceding paragraphs.

34.     Plaintiff Christopher Kemock and Thimi Kemock engaged in additional protected activity when they accused officials of the Olmsted Falls City School District of lying during the course of the investigation into the complaint referenced in the prior paragraphs.

35.     Plaintiff Christopher Kemock and Thimi Kemock engaged in additional protected activity when they, through their attorney, alleged that Olmsted Falls district personnel allegedly created a hostile working environment and expressed concerns about future retaliation against them based upon their advocacy for C.K.

36.     Defendant James Lloyd further retaliated against plaintiff Christopher Kemock and Thimi Kemock when he recommended that defendant Olmsted Falls eliminate plaintiff Christopher Kemock's position and terminate his employment with the Olmsted Falls City School District.

37.     Based upon the recommendation of defendant James Lloyd, on or about May 17, 2019, defendant Olmsted Falls further retaliated against plaintiff Christopher Kemock when it notified plaintiff Christopher Kemock that it was eliminating his position and terminating his employment with the Olmsted Falls City School District, and subsequently passed a resolution eliminating Christopher Kemock's position and terminating his employment.

38.     Upon being notified that his position was being eliminated and that his employment with the Olmsted Falls City School District was being terminated, plaintiff Christopher Kemock applied for open positions within the District that he was qualified for.

39.     Plaintiff Christopher Kemock was not hired by defendant Olmsted Falls for any of the positions for which he applied for and was qualified for.

40.     The actions of defendants James Lloyd and Olmsted Falls in eliminating plaintiff Christopher Kemock's position, terminating plaintiff Christopher Kemock from his employment with the District, and not hiring plaintiff Christopher Kemock for any of the positions that he applied for and was qualified for constitute further retaliation against plaintiff Christopher Kemock and Thimi Kemock for their engagement in the statutorily and constitutionally protected activity described herein.

41.     As a direct and proximate of the actions and inactions of defendants James Lloyd and Olmsted Falls described herein, plaintiff Christopher Kemock has sustained economic and non-economic damages in an amount to be determined at the trial of this action

7

## FIRST CLAIM FOR RELIEF
### (Retaliation – Rehabilitation Act and Americans with Disabilities Act –
### 42 U.S.C §12203 and 29 U.S.C. §794(a))

42.    The allegations set forth in Paragraphs 1 through 41 are incorporated as if fully rewritten herein.

43.    The actions of plaintiff Christopher Kemock and Thimi Kemock in seeking the reasonable accommodations for C.K.'s various physical and mental disabilities, as previously detailed herein, constituted protected activity under Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §794(a).

44.    Defendant Olmsted Falls was aware of and had actual knowledge of said protected activity.

45.    Defendant Olmsted Falls' prior actions in retaliating against plaintiff Christopher Kemock and Thimi Kemock as previously described herein are adverse actions as they constitute the type of conduct that is likely to dissuade a reasonable person in plaintiff Christopher Kemock's position from engaging in similar protected activity to obtain reasonable accommodations for their child's physical and mental disabilities.

46.    Defendant Olmsted Falls' actions in eliminating plaintiff Christopher Kemock's position and terminating of plaintiff Christopher Kemock's employment as described herein constitute adverse employment actions as such actions are of the type of conduct that is likely to dissuade a reasonable person in plaintiff Christopher Kemock's position from engaging in similar protected activity to obtain reasonable accommodations for their child's physical and mental disabilities.

47.    Defendant Olmsted Falls' actions in refusing to hire plaintiff Christopher Kemock for any of the positions that he applied for and was qualified for as described herein further

constitute an adverse employment action as such actions are also of the type of conduct that is likely to dissuade a reasonable person in plaintiff Christopher Kemock's position from engaging in similar protected activity to obtain reasonable accommodations for their child's physical and mental disabilities.

48.     Defendant Olmsted Falls unlawfully retaliated against plaintiff Christopher Kemock in eliminating plaintiff Christopher Kemock's position, terminating him from his employment with the Olmsted Falls City School District and in refusing to hire him for open positions that he applied for and was qualified for, in violation of the Americans With Disabilities Act, the Rehabilitation Act of 1974 and the Individuals with Disabilities in Education Act.

**WHEREFORE**, Plaintiff Christopher Kemock demands judgment against Defendant Olmsted Falls for compensatory damages, in an amount exceeding $25,000.00, in an amount to be determined at the trial of the within matter, back pay, front pay, non-economic damages, reinstatement, plus such additional legal and/or equitable relief as this Honorable Court determines to be just and reasonable under the circumstances.  Plaintiff Christopher Kemock further demands an award of attorney's fees and costs against defendant Olmsted Falls pursuant to 42 U.S.C. §12205.

## SECOND CLAIM FOR RELIEF
### (First Amendment Retaliation – 42 U.S.C. §1983)

49.     The allegations set forth in Paragraphs 1 through 48 are incorporated as if fully rewritten herein.

50.     Communications from a parent of a disabled child to a school district that are intended to secure the protections and benefits of the federal IDEA statute to provide a Free Appropriate Education for students with disabilities are intended to advance the federally legislated goal of accommodating students with disabilities and therefore constitutes speech on a

9

matter of public concern that is entitled to protection under the First Amendment to the United States Constitution.

51.     Plaintiff Christopher Kemock's and Thimi Kemock's advocacy on behalf of their son C.K. with officials of the Olmsted Falls City School District to obtain special education services for C.K., in their capacity as parents, constitutes speech on a matter of public concern and as such is entitled to protection under the First Amendment to the United States Constitution.

52.     Plaintiff Christopher Kemock and Thimi Kemock's actions, in their capacity as parents, in alleging that C.K. was being bullied, that defendant Olmsted Falls made false statements that resulted in the filing of truancy charges against C.K., that officials of defendant Olmsted Falls made false statements in the course of defendant Olmsted Falls' investigation into their complaint previously referenced herein, and in expressing concerns about future retaliation against them, in their capacity as parents, further constitute speech on a matter of public concern and are entitled to protection under the First Amendment to the United States Constitution.

53.     Defendants Lloyd and Olmsted Falls had actual knowledge of plaintiff Christopher Kemock and Thimi Kemock's constitutionally protected speech outlined herein.

54.     Plaintiff Christopher Kemock and Thimi Kemock's constitutionally protected speech outlined herein was a substantial or motivating factor in the decision of defendant Lloyd to recommend that plaintiff Christopher Kemock's position be eliminated, that plaintiff Christopher Kemock's employment with defendant Olmsted Falls be terminated, and that plaintiff Christopher Kemock not be fired for open positions with defendant Olmsted Falls that he had applied for and was qualified for.

55.     Defendant Lloyd unlawfully retaliated against plaintiff Christopher Kemock and Thimi Kemock for engaging in protected speech when he recommended the elimination of plaintiff

Christopher Kemock's position with defendant Olmsted Falls and the termination of plaintiff Christopher Kemock's employment with defendant Olmsted Falls.

56.    Plaintiff Christopher Kemock's constitutionally protected speech as outlined herein was a substantial or motivating factor in the decision of defendant Olmsted Falls to eliminate plaintiff Christopher Kemock's position, to terminate plaintiff Christopher Kemock's employment with defendant Olmsted Falls, and to not hire plaintiff Christopher Kemock for open positions with defendant Olmsted Falls that he had applied for and was qualified for.

57.    Defendant Olmsted Falls further unlawfully retaliated against plaintiff Christopher Kemock and Thimi Kemock for engaging in protected speech when it approved defendant Lloyd's recommendation of elimination of his position with defendant Olmsted Falls and the termination of plaintiff Christopher Kemock's employment with defendant Olmsted Falls.

58.    Defendants Lloyd and Olmsted Falls further unlawfully retaliated against plaintiff Christopher Kemock and Thimi Kemock for engaging in protected speech when they failed to hire plaintiff Christopher Kemock for positions he had applied for and was qualified for.

59.    The actions of defendant Olmsted Falls in terminating plaintiff Christopher Kemock's employment, eliminating his position and failing to hire him for positions he had applied for and was qualified for, in retaliation again him for engaging in constitutionally protected speech, constitute the official custom or policy of defendant Olmsted Falls.

60.    As a direct and proximate result of the acts of defendants Lloyd and Olmsted Falls described herein, plaintiff Christopher Kemock has sustained economic and non-economic damages, including lost wages, in an amount to be determined at the trial of this matter.

**WHEREFORE,** plaintiff Christopher Kemock demands compensatory damages against defendant Lloyd, in his individual capacity, and defendant Olmsted Falls, jointly and/or severally,

in an amount exceeding $25,000.00, in an amount to be determined at the trial of the within matter and further demands that plaintiff Christopher Kemock be reinstated to his position with defendant Olmsted Falls.   Plaintiff Christopher Kemock further demands an award of punitive damages against defendant Lloyd, in his individual capacity, in an amount to be determined at the trial of the within matter.  Plaintiff Christopher Kemock further demands an award of attorney's fees and costs against defendant Lloyd, in is individual capacity, and defendant Olmsted Falls pursuant to 42 U.S.C. §1988 and such additional legal and/or equitable relief as this Honorable Court determines to be just and reasonable under the circumstances.

Respectfully Submitted,

s/Mark P. Herron
Mark P. Herron (0051998)
2050 Temblethurst Drive
South Euclid, Ohio  44121
(216) 280-2828
Email:  herronlaw@msn.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.


s/*Mark P. Herron*
Attorney for Plaintiff